ORDER
GRITT, JUDGE:
An application of the claimant, Rosalie Long, for an award under the West Virginia Crime Victims Compensation Act, was filed April 13, 1998. The report of the Claim Investigator, filed December 15, 1998, recommended that no award be granted, to which the claimant timely objected. An Order was issued on August 4, 1999, confirming the Investigator's recommendation, in response to which the claimant's request for hearing was filed August 24, 1999. This matter came on for hearing February 21, 2002, the claimant appearing in person and by counsel, Michael L. Glasser, and the State of West Virginia by counsel, Joy M. Bolling, Assistant Attorney General.
The claimant’s 24-year-old son, Brian Kimble, was the victim of criminal conduct in Dunbar, Kanawha County, on or about March 14, 1998. The victim was fatally stabbed by the offender, Heather Shamblin, who was later charged with first-degree murder. She pleaded guilty to involuntary manslaughter and served one year in prison.
This claim was initially denied on the basis of contributory misconduct on the part of the victim. He had been attacked by the offender and her sister, but the Court found a causal connection between his actions and the subsequent fatal injury. The autopsy report showed cocaine and alcohol in the victim’s system. (Transcript, page 7.) An argument had taken place, during which the victim pushed and struck the offender. (Transcript, page 6.)
*434 Testifying at the hearing was Deputy Daniel J. Waller with the Kanawha County Sheriffs Office, who was with the Dunbar Police Department at the time of the incident. Deputy Waller stated that “it was a back and forth confrontational situation between the suspect and the victim.” (Transcript, pages 17-18.) The attack came from behind. (Transcript, page 19.) He further stated that, when considering the final moments before the attack, he did not believe that the victim could have removed himself from the situation. (Transcript, page 20.) When questioned about other events the night before the stabbing, Deputy Waller indicated that the offender had threatened the victim with a butcher knife when he expressed an interest in going to Florida with another woman. However, that knife was not the same weapon used in the fatal stabbing. (Transcript, page 22.) Nor did Deputy Waller find any evidence that the victim had committed any violence toward the offender. (Transcript, page 29.)
The position of the Crime Victims Fund, as stated by counsel Joy Bolling, was that “an award should be granted, but it should be reduced accordingly.” (Transcript, page 30.) The Court is inclined to agree. The victim did have the chance to extricate himself from the situation after being threatened the night before the stabbing. He also engaged in drinking and drug use that day. This behavior is not that of a truly innocent victim. However, it is undisputed that the actual attack was upon an unarmed victim whose back was turned. There is a lack of innocence on both sides.
Following the hearing of this claim, the Court instructed the Claim Investigator to calculate the economic loss sustained, reduced by one-half. This was done by memorandum dated April 12, 2002, which is adopted by the Court.
Based on the foregoing, an award of $10,574.73 is hereby granted as set forth in said memorandum.